UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DENIS V.,

Petitioner,

v.

PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; and DAWANNA WITT, Sheriff of Hennepin County,

Respondents.

Case No. 26-CV-0657 (PJS/DTS)

ORDER

---

Barry S. Edwards for petitioner.

Matthew Isihara and David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Denis V.'s petition for a writ of habeas corpus.[1] Denis, a citizen of El Salvador, has lived in the United States since approximately 2021. V. Pet. ¶ 12. On January 26, 2026, Immigration and Customs Enforcement ("ICE") agents arrested and detained him. V. Pet. ¶ 15.

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initial.

Respondents take the position that Denis is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents concede that this case is not meaningfully distinguishable from cases such as *Santos M.C.* and instead argue that those cases are wrongly decided. Respondents' argument has some force, but the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Denis, who entered without inspection and are already present and living in the United States.[2]

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.

As to remedy: The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)). The Court ordered respondents to address whether the absence of a warrant preceding Denis's arrest necessitates his immediate release. ECF No. 3 ¶ 2(e). Respondents have not addressed the issue, nor have they presented evidence that Denis was arrested pursuant to a warrant. The Court will therefore grant Denis's petition and order his release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. If petitioner is in Minnesota, respondents must immediately release petitioner from custody. If petitioner is not in Minnesota, respondents

must first return petitioner to Minnesota and then immediately release him from custody.

4. Petitioner's motion for an order to show cause [ECF No. 5] is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 30, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court